**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

ANTHONY FITZGERALD FARLEY                                             PLAINTIFF

V.                              3:07CV00194 WRW/JFF

ZANE BOYD, Administrator, Crittenden County
Detention Facility; TERESA BONNER, Chief Jailer,
Crittenden County Detention Facility; CHRIS MADDEN,
Jailer, Crittenden County Detention Facility; DOUG
McKINNEY, Jailer, Crittenden County Detention Facility;
TERRY ALEXANDER, Jailer, Crittenden County
Detention Facility; SCOTT BENTON, Supervisor,
Crittenden County Detention Facility; and JOHN
HOLLEMAN, Jailer, Crittenden County Detention Facility          DEFENDANTS

**ORDER**

Plaintiff, who was an inmate at the Crittenden County Detention Center, filed a *pro se* Complaint (docket entry #2) pursuant to 42 U.S.C. § 1983, and his request for leave to proceed *in forma pauperis* has been granted by the Court. *See* docket entry #5.

Recently, Plaintiff notified the Court that he has been released from the custody of the jail (docket entry #33). When a plaintiff proceeding *in forma pauperis* is released from confinement, the Court's policy is to require re-submission of affidavits to determine whether the plaintiff should be required to pay all, or a portion of, the fees and costs of the lawsuit. If Plaintiff wishes to proceed with this lawsuit, he is directed to resubmit his request to proceed *in forma pauperis* to the Court within thirty (30) days after the entry date of this Order. Failure to do so will result in dismissal of

this action, without prejudice.

Plaintiff has also requested the appointment of counsel (docket entry #32). The matter of appointment of counsel will be held in abeyance pending Plaintiff's response to this Order. Because Plaintiff has now been released from custody, it is appropriate for him to bear some of the responsibility for obtaining counsel. The factors relevant to the Court's determination are whether: (1) the Plaintiff can afford to hire an attorney; (2) the Plaintiff has made a good-faith effort to retain an attorney but has been unable to do so; (3) there is some factual basis for the Plaintiff's lawsuit; and (4) the nature of the litigation is such that the Plaintiff and the Court would benefit from the assistance of counsel. *Nelson v. Redfield Lithograph Printing,* 728 F. 2d 1003, 1005 ( 8th Cir. 1984). An attorney may be willing to represent Plaintiff on a contingency basis. Thus, the Court will also require Plaintiff to file a Statement explaining the efforts that he has made to retain representation. Specifically, Plaintiff must file, also within thirty (30) days of the entry date of this Order, a Statement containing: (1) the names of at least three lawyers he has asked to represent him in this matter; (2) the dates on which he spoke with each lawyer; and (3) the reasons given by each lawyer if he or she refuses to represent him. Importantly, if Plaintiff is successful in retaining an attorney, that attorney must file, within thirty (30) days of the entry date of this Order, an entry of appearance on Plaintiff's behalf.

IT IS THEREFORE ORDERED that:

1. The Clerk is directed to mail Plaintiff an Application to Proceed *In Forma Pauperis*, along with a copy of this Order.

2. Plaintiff is directed to complete and resubmit his amended Application to Proceed *In Forma Pauperis* within thirty (30) days after the entry date of this Order. Failure to do so will result

in dismissal of this action, without prejudice.

    3.   Plaintiff shall file, within thirty (30) days of the entry date of this Order, a Statement containing the information specified in this Order regarding his attempts to retain an attorney to represent him in this matter.

    DATED this 11th day of February, 2008.

_____
UNITED STATES MAGISTRATE JUDGE